UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAMMIE S.,

                              Plaintiff,

v.                                                                    3:20-CV-1021
                                                                             (ML)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LACHMAN & GORTON | PETER A. GORTON, ESQ. |
|   *Counsel for Plaintiff* | |
| 1500 E. Main St. | |
| P.O. Box 89 | |
| Endicott, New York 13761 | |
| | |
| U.S. SOCIAL SECURITY ADMIN. | MICHAEL L. HENRY, ESQ. |
|   *Counsel for Defendant* | |
| J.F.K. Federal Building, Room 625 | |
| 15 New Sudbury Street | |
| Boston, Massachusetts 02203 | |

**MIROSLAV LOVRIC**, United States Magistrate Judge

## MEMORANDUM-DECISION AND ORDER

      Plaintiff Tammie S. ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") partially denying her applications for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI"). (Dkt. No. 1.) This case has proceeded in accordance with General Order 18 of this Court which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Currently before

the Court are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 13, 14.) Plaintiff also filed a reply brief. (Dkt. No. 17.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted and this case is remanded to the Social Security Administration ("SSA") for further administrative proceedings.

**I.     PROCEDURAL HISTORY**

This case has a lengthy procedural history. On August 26, 2014, Plaintiff protectively filed applications for SSDI and SSI, both alleging disability due to a number of physical impairments dating from March 30, 2009. (Administrative Transcript ("T.") 162-172.) Her applications were denied initially on December 4, 2014. (T. 74-91.) At Plaintiff's request, Administrative Law Judge ("ALJ") Gretchen Mary Griesler held a hearing on February 2, 2017, at which Plaintiff and Vocational Expert ("VE") Robert Baker testified. (T. 24-52.) The ALJ issued an unfavorable decision on April 3, 2017. (T. 11-23.) The Appeals Council denied Plaintiff's request for review on December 15, 2017. (T. 1-8.) Plaintiff thereafter commenced a proceeding in the Northern District of New York. By a decision dated February 22, 2019, the Honorable Magistrate Judge Christian F. Hummel remanded the case to the Commissioner for further administrative proceedings. (T. 508-545.)

On August 13, 2019, the Appeals Council remanded Plaintiff's claim to ALJ Greisler for further proceedings. (T. 546-550.) On May 14, 2020, she held a hearing at which Plaintiff and VE Edmond Calandra testified. (T. 422-465.) The ALJ also allowed Plaintiff an opportunity to supplement the administrative record. (T. 426-428.) On June 24, 2020, the ALJ found Plaintiff became disabled on September 27, 2019, but was not disabled at any time prior to that date. (T. 394-417.) In response, Plaintiff commenced this action on September 1, 2020, challenging the

partial denial of disability benefits.  (Dkt. No. 1.)

**II.      GENERALLY APPLICABLE LAW**

      **A.      Scope of Review**

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  A reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g) (2015); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  To facilitate the court's review, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010) (Kahn, J.); *see also Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). Where substantial evidence supports the ALJ's findings they must be sustained "even where substantial evidence may support the plaintiff's positions and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado*, 805 F. Supp. at 153. In other words, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### B.     Standard for Benefits[1]

To be considered disabled, a plaintiff-claimant seeking benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff-claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

---

[1]     The requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, so that "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Health and Human Servs.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

*Id*. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability.  20 C.F.R. § 416.920(a)(4) (2015).  Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments;  (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments;  (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

**III.    FACTS**

As of the date of the ALJ's decision on June 24, 2020, Plaintiff was 51 years old.  (T. 167.)  She attended special education classes before leaving school after the ninth grade.  (T. 33, 283, 432.)  She subsequently held a number of jobs including laundry worker at a residential facility and quality inspector at a computer chip facility.  (T. 432-435.)  Most recently, Plaintiff worked as a parts transporter in a manufacturing facility.  (T. 201, 435-436.)  She held this position until a company-wide layoff in 2009.  (T. 283.)

Plaintiff reported that she first began experiencing fibromyalgia symptoms in 2001, although the condition does not appear to have been formally diagnosed until 2011.  (T. 277,

438, 1040.) She described her symptoms as generalized pain in her joints and muscles, particularly affecting her hips, that is made worse with activity. (T. 277.) In September 2019, Plaintiff suffered a heart attack that required surgery to install a stent and had multiple subsequent hospitalizations for chest pain. (T. 450, 783, 854-868.)

The record includes Plaintiff's treatment history. Rather than summarizing the records at the outset, I will refer to the pertinent records as relevant to my discussion of Plaintiff's arguments.

## IV.   THE ALJ'S DECISION OF JUNE 24, 2020

At the outset of his decision dated June 24, 2020, the ALJ summarized the terms of the remand orders from the District Court and Appeals Council. (T. 399.) As stated by the ALJ:

> Pursuant to the District Court remand order, the Appeals Council has directed the undersigned to consider additional evidence in the form of deposition testimony from the claimant's treating physician, Gary Dean, M.D., evaluate the relevant steps of the sequential evaluation process; offer the claimant the opportunity for hearing; address evidence that was submitted to the Appeals Council; take any further action needed to complete the ministry the record; and issue a new decision.

(*Id.*)

The ALJ then made a number of findings of fact. First, the ALJ found that Plaintiff met the insured status requirements through September 30, 2010. (T. 401.) The ALJ next found that Plaintiff did not engage in substantial gainful activity ("SGA") after the alleged onset date of March 30, 2009. (*Id.*) At step two, the ALJ made two separate findings. (T. 402-404.) The ALJ found that Plaintiff had the following severe impairments since the alleged onset date: migraines without aura, right rotator cuff tendinitis, lumbar spondylosis without myelopathy, hip bursitis, obesity, depression, and anxiety. (*Id.*) The ALJ then found that the ALJ had the following severe impairments beginning on September 27, 2019: a cardiac impairment,

migraines without aura, right rotator cuff tendinitis, lumbar spondylosis without myelopathy, hip bursitis, obesity, depression, and anxiety. (T. 402.) At step three of the evaluation, the ALJ found that since March 30, 2009, Plaintiff's impairments either singly or in combination did not meet or medically equal the severity of a listed impairment. (T. 402-404.)

At step four, the ALJ again distinguished between Plaintiff's status before and after September 27, 2019, finding:

> … prior to September 27, 2019, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could occasionally stoop, balance, crouch, crawl, kneel, and climb stairs and ramps. She could not climb ladders, ropes, or scaffolds or work at unprotected heights. She could frequently reach in all directions. She could tolerate moderate levels of noise as term is defined in The Selected Characteristics of Occupations. She should have avoided work outdoors in bright sunshine and cannot work with bright or flickering lights, such as would be experienced in welding or cutting metals. She could perform simple, routine, repetitive tasks at a consistent pace but not at a faster production rate pace, such as would be experienced in assembly-line type of work. She could make simple work-related decisions and to tolerate minor changes.

(T. 404-408.) The ALJ continued:

> After careful consideration of the entire record, I find that beginning on September 27, 2019, the claimant has the residual capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

(T. 408-409.)

In making the RFC determination, the ALJ stated that she considered all of Plaintiff's symptoms, and the extent to which those symptoms could "reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929" and Social Security Ruling ("SSR") 16-3p. (T. 404.) The ALJ further stated that she considered opinion in accordance with 20 C.F.R. §§ 404.1527 and 416.927. (*Id*.) The ALJ also considered Plaintiff's subjective complaints regarding pain, symptoms, and

functional limitations raised during the hearing and in the overall administrative record. (T. 405.)

Next, the ALJ relied on the VE testimony to determine that Plaintiff was not capable of performing any of her relevant work as actually or generally performed. (T. 409.) The ALJ then found that, prior to September 27, 2019, there were other jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (*Id.*) The ALJ also found that beginning on September 27, 2019, there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T. 410.) Accordingly, the ALJ found that Plaintiff was not disabled prior to September 27, 2019, but became disabled on that date and continued to be disabled through the date of the ALJ's decision. *(Id.)*

## V.  ISSUES IN CONTENTION

Plaintiff argues that the ALJ committed a number of reversible errors in finding that Plaintiff was not disabled prior to September 27, 2019: (1) ignoring Magistrate Judge Hummel's remand order to consider the impact of Dr. Dean's deposition testimony regarding Plaintiff's fibromyalgia diagnosis as part of the Step Two determination; (2) failing to find Plaintiff's fibromyalgia to be a severe impairment; (3) improperly evaluating the medical opinion regarding Plaintiff's physical functional limitations and her ability to meet typical employer demands for work pace and attendance; and (4) reaching a Step Five determination that is based upon an erroneous RFC determination. (Dkt. No. 13 at 8-25.) Defendant contends that the ALJ's decision is supported by substantial evidence. (Dkt. No. 14 at 10-27.)

For the following reasons, this court finds that the ALJ's failure to follow the instructions of Magistrate Judge Hummel's Memorandum-Decision and Order dated February 22, 2019, requires remand for further administrative proceedings to determine whether Plaintiff was

disabled prior to September 27, 2019. This court's remand order does not impact that portion of the ALJ's decision granting Plaintiff's disability benefits claim after September 27, 2019.

## VI.     COMPLIANCE WITH JUDICIAL REMAND ORDER

### A.     Legal Standards

"Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." *Sullivan v. Hudson*, 490 U.S. 877, 885 (1989). It is well settled that an ALJ's failure to follow a court's remand order is reversible error. *See Sullivan*, 490 U.S. at 886 ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."); *see also Brachtel v. Apfel*, 132 F.3d 417, 419-20 (8th Cir. 1997) ("The 'law of the case' doctrine . . . applies to administrative agencies on remand.")(citations omitted); *Butler Lime & Cement Co. v. Occupational Safety & Health Review Comm'n*, 658 F.2d 544, 549 (7th Cir. 1981) ("The rule that an administrative agency is limited on remand by the instructions of the reviewing court is settled beyond question."); *Johnson v. Comm'r of Soc. Sec.*, 15-CV-0106, 2016 WL 2854516, at * (D. Vt. May 16, 2016) ("A federal district court does not make "allegations" in an order remanding a social security disability appeal. Rather, the court directs the Commissioner to correct the noted errors on remand; and the Commissioner is obligated to correct those errors in the manner described by the court.")

Likewise, an ALJ's failure to follow an order of the Appeals Council is reversible error. *See* 20 C.F.R. § 404.977(b) ("The [ALJ] shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's

remand order."); *Scott v. Barnhart*, 592 F. Supp. 2d 360, 371 (W.D.N.Y. 2009) ("[An] ALJ's failure to comply with the Appeals Council's order constitutes legal error, and necessitates a remand."). As one district court summarized,

> Historically, the system has operated in hierarchical fashion with decisional power vested, in ascending order, in an [ALJ], the Appeals Council, the district court, the court of appeals, and the Supreme Court. The Supreme Court overrules appellate court decisions, not the other way around. The court of appeals overrules decisions of the trial court, not the other way around. And the district court overrules the Appeals Council, not the other way around.

*Holst v. Bowen*, 637 F. Supp. 145, 147-148 (E.D. Wash. 1986).

"Courts in the Second Circuit have regularly acknowledged that remand instructions to an ALJ from a federal district court in Social Security cases constitute the law of the case." *Krawczyk v. Berryhill*, 17-CV-01311, 2019 WL 244491, at *4 (W.D.N.Y. Jan. 17, 2019) (collecting cases). Under the law of the case, the Commissioner is "implicitly limited by any findings of the district court regarding the application for disability benefits." *Gladle v. Astrue*, 12-CV-0284, 2013 WL 4543147, at *3 (N.D.N.Y. Aug. 27, 2013) (Mordue, J.); *see also Krawczyk*, 2019 WL 244491, at *4. Courts within the Second Circuit have also consistently applied the so-called "rule of mandate" in the Social Security context. The rule of mandate creates a more binding variant of the law of the case doctrine, requiring on remand that the administrative agency's "actions must be consistent with both the letter and the spirit of the higher court's decision." *Krawczyk*, 2019 WL 244491, at *4 (internal citations omitted); *Penny Lou S. v. Comm'r of Soc. Sec.*, 18-CV-0213, 2019 WL 5078603, at *4 (D. Vt. Oct. 10, 2019) (collecting cases).

**B.      Application**

In his Memorandum-Decision & Order dated February 22, 2019, Magistrate Judge Hummel found that the Appeals Council erred in failing to consider new and material evidence in the form of a deposition transcript dated June 22, 2017, from Plaintiff's treating physician Dr. Gary Dean. *Tammie S. v. Berryhill*, 18-CV-0174, 2019 WL 859263, at *7 (N.D.N.Y. Feb. 22, 2019) (Hummel, M.J.). Magistrate Judge Hummel further found that Dr. Dean's deposition testimony "may change the ALJ's opinion regarding whether plaintiff's fibromyalgia was a severe impairment and/or her opinion about the effect of this impairment at subsequent steps in the sequential evaluation . . ." *Tammie S.*, 2019 WL 859263, at *11.

Accordingly, the Memorandum-Decision and Order instructs that "on remand, the Appeals Council is to consider what, if any, impact Dr. Dean's deposition testimony has on the ALJ's step two conclusion as it relates to fibromyalgia, and *explain its reasoning*." *Id.* (emphasis added). Taking up the issue on remand, the Appeals Council found that Dr. Dean's deposition testimony "may show a reasonable probability that it would change the outcome of the decision. Thus, the Administrative Law Judge should consider it on remand." (T. 548.)

Despites these clear instructions from the Court and the Appeals Council on how the ALJ must handle Plaintiff's remanded claims, the ALJ's June 19, 2020, decision never discusses Dr. Dean's deposition testimony as part of the step two determination. Instead, the ALJ only stated:

> The record also references complaints of neck pain and fibromyalgia. However, there are no diagnostic tests or clinical findings to support either diagnosis. On the contrary, the record contains no evidence of the required number of tender points for fibromyalgia [citation omitted]. The claimant's representative argued that there were diagnostic findings prior to the available medical records, but it is noted that tender points are retested periodically, including on consultative examination, with no findings thereof. There is also no evidence of any examination by a specialist. As for the claimant's complaints of neck pain, no diagnosis has been rendered. However, the residual functional capacity

>assessment nonetheless accounts for related restrictions. Furthermore, there is no evidence to support any functional restrictions that have been imposed based on any of these conditions. With no evidence from a medically acceptable source to establish any impairment related to these conditions, they are not medically-determinable impairments [citation omitted].

(T. 402.)

As Plaintiff notes, this language is markedly similar to the ALJ's step two analysis of Plaintiff's fibromyalgia and neck pain in her original decision dated April 3, 2017, which was issued before Dr. Dean's deposition transcript was part of the record. (T. 14.) More crucially, the step two determination gives no indication that the ALJ followed the remand instructions from Magistrate Judge Hummel and/or the Appeals Council, despite the ALJ's recognition of the remand instructions at the opening of her decision. (T. 399.) That is, the ALJ's discussion of fibromyalgia at step two makes no reference at all to Dr. Dean's deposition testimony, and thus fails to show that the Commissioner made reasoned consideration of "what, if any, impact Dr. Dean's deposition testimony has on the ALJ's step two conclusion as it relates to relates to fibromyalgia." (T. 402, 535.)

As Magistrate Judge Hummel made clear in his Memorandum-Decision and Order, the ALJ was not required to reach a particular conclusion as to whether or not Plaintiff's fibromyalgia was a severe impairment, but was required to "articulate a basis" for accepting or rejecting the testimony from Plaintiff's long-time primary care provider that Plaintiff had suffered from "diffuse" fibromyalgia pain for a number of years, consistent with the Commissioner's policies for assessing fibromyalgia. *Tammie S.*, 2019 WL 859263, at *10-11 (N.D.N.Y. Feb. 22, 2019); *see generally Smith v. Colvin*, 12-CV-1665, 2014 WL 98676, at *8-9 (N.D.N.Y. Jan. 9, 2014) (Scullin, J.) (holding that, where the ALJ concluded that the claimant's fibromyalgia was not severe at step two because the ALJ found the claimant did not have

required tender points, and the claimant submitted the physician's deposition to the Appeals Council, which "tested plaintiff according to the proper standard" for fibromyalgia, the Court found that the Appeals Council erred in failing to "articulate a basis for rejecting [the doctor's] clarification" of the treating physician's opinion because, had this information been before the ALJ, the ALJ "may have changed his opinion about whether fibromyalgia was a severe impairment, as well as its impact at other steps in the sequential evaluation."); SSR 12-2p, 2012 WL 3104869, at *2-3.  Based on the sparse discussion at step two, this Court must conclude that the ALJ did not follow Magistrate Judge Hummel's instructions, and remand is required as a matter of law.

In the Commissioner's brief to this court, counsel sets forth a cogent argument that Dr. Dean's testimony did not satisfy the established criteria used to evaluate fibromyalgia diagnoses at step two of the sequential analysis.  (Dkt. No. 14, at 10-16.)  However, none of that reasoning appears in the ALJ's decision dated June 19, 2020.  (T. 402.)  Post hoc explanations do not constitute substantial evidence.  *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("[a] reviewing court may not accept appellate counsel's post hoc rationalizations for agency action"); *Danette Z. v. Comm'r of Soc. Sec.*, 19-CV-1273, 2020 WL 6700310, at *7 (N.D.N.Y. Nov. 13, 2020) (Baxter, M.J.) (collecting cases); *Andino v. Saul,* No. 18-CV-0379, 2019 WL 4621878, at *5 (W.D.N.Y. Sept. 24, 2019) ("any explanation that [the ALJ] failed to provide cannot be supplied by the Commissioner post hoc.") (citing *McKinstry v. Astrue*, 10-CV-0319, 2012 WL 619112, at *4 (D. Vt. 2012)), *aff'd*, 511 F. App'x 110 (2d Cir. 2013) ("[a] court must not engage in a post hoc effort to supplement the reasoning of the ALJ")).  Counsel's arguments before this Court thus cannot save the ALJ's decision from remand.

At step four, the ALJ did consider Dr. Dean's deposition testimony, assigning "some weight" to the treating source opinion. (T. 407-408.) As part of that analysis, the ALJ referenced Plaintiff's "alleged fibromyalgia diagnosis." (T. 407.) The ALJ's RFC analysis also included a discussion of plaintiff's back, hip, and joint pain. (T. 405-408.) Ordinarily, an error at step two will be harmless where "the ALJ's analysis continued past step two of the sequential evaluation" and considered all severe and non-severe impairments during the subsequent steps. *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013). However, the ALJ in this case found that Plaintiff's reported fibromyalgia and related neck pain were not a medically determinable impairment. (T. 402.) This distinction "is significant because an ALJ may credit a claimant's statements about her symptoms and functional limitations only if the impairment to which they relate is medically determinable." *Cooper v. Comm'r of Soc. Sec.*, 17-CV-1058, 2019 WL 1109573, at *5 (W.D.N.Y. Mar. 11, 2019); *see also Tiffany D. v. Comm'r of Soc. Sec.*, 19-CV-0994, 2021 WL 363790, at * (W.D.N.Y. Feb. 3, 2021) (error in finding fibromyalgia was not a medically determinable impairment could not be harmless because it impacted subsequent steps of the disability determination process and may have altered ALJ's analysis of plaintiff's subjective complaints); *Showers v. Colvin*, 13-CV-1147, 2015 WL 1383819, *8 (N.D.N.Y. Mar. 25, 2015) (Sharpe, C.J.) (harmless error doctrine not applicable to determination that impairment was not medically determinable). Therefore, any error in finding Plaintiff's fibromyalgia is not a medically determinable impairment necessarily impacts the subsequent steps of the disability determination process, because "once the ALJ found the impairment to be not medically determinable, [she] was not required to consider it in determining Plaintiff's RFC." *Penny Lou S. v. Comm'r of Soc. Sec.*, 2019 WL 5078603, at *8.

Pursuant to the clear instructions in Magistrate Judge Hummel's remand order, the Commissioner had an obligation to consider the impact of Dr. Dean's testimony when determining whether or not Plaintiff's diagnosed fibromyalgia was a severe impairment.  *FCC v. Pottsville Broad. Co.*, 309 U.S. 134, 145 (1940) ("On review the court may thus correct errors of law and on remand the Commission is bound to act upon the correction."); *Carrillo v. Heckler*, 599 F. Supp. 1164, 1168 (S.D.N.Y. 1984) ("On the remand of a case after appeal, it is the duty of the lower court or the agency from which the appeal is taken, to comply with the mandate of the court and to obey the directions therein without variation.") (internal quotation marks omitted). The ALJ's failure to follow Magistrate Judge Hummel's directive "not only diminishes the effectiveness of the disability appeals system as a whole, it wastes the time of the Social Security Administration, the Court, and most importantly, the claimant . . ."  *Johnson v. Comm'r of Soc. Sec.*, 15-CV-0106, 2016 WL 2853516, at *6 (D. Vt. May 16, 2016).

Accordingly, this Court has determined that remand is warranted in order for the Commissioner to conduct further administrative proceedings to explicitly consider what impact, if any, Dr. Dean's deposition testimony has on the ALJ's step two conclusion as it relates to fibromyalgia for the period prior to September 27, 2019, and to explain its reasoning.  Because the step two conclusion may impact the subsequent steps of the sequential evaluation, the Court declines to address Plaintiff's remaining arguments.  *See, e.g., Bell v. Colvin*, 15-CV-1160, 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (Kahn, C.J.) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" after the court had already determined remand was warranted); *Morales v. Colvin*, 13-CV-6844, 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015) (the court need not reach

additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand").

VII.  **NATURE OF REMAND**

"In general, the case law and Social Security regulations provide that the 'Commissioner may revisit on remand any issues relating to the application for disability benefits.'" *Valverde v. Astrue*, 08-CV-8084, 2010 WL 1506671, at *5 (S.D.N.Y. Mar. 23, 2010) (quoting *Thompson v. Astrue*, 583 F. Supp. 2d 472, 475 (S.D.N.Y. 2008)), report and recommendation adopted, *Valverde v. Comm'r of Soc. Sec.*, 08-CV-8084, 2010 WL 1506673 (S.D.N.Y. Apr. 14, 2010). "Nonetheless, the district courts are empowered to limit the scope of a remand by specifying actions to be taken by the ALJ." *Valverde*, 2010 WL 1506671 at *5 (citing *Sullivan*, 490 U.S. at 885).  Thus, in "mixed" cases where a plaintiff has challenged the unfavorable portion of an ALJ's decision denying disability benefits for a certain time period but has not challenged the ALJ's favorable finding of disability for another time period, district courts have remanded those actions to the Commissioner with an instruction that the ALJ re-consider only the unfavorable portion of the decision at issue.  *Surrusco v. Berryhill*, 16-CV-4649, 2017 WL 3017197, at *3 (E.D.N.Y. July 17, 2017) (collecting cases); *see also Moreira v. Comm'r of Soc. Sec.*, 04-CV-3426, 2007 WL 4410043, at *1 (E.D.N.Y. Dec. 14, 2007) (implicit limitation on scope of remand exists to exclude administrative review of partially favorable disability determination).

Naturally, Plaintiff in this case has only challenged the portion of the ALJ's June 24, 2020, decision finding that Plaintiff was not disabled prior to September 27, 2019.  *See Calderon v. Astrue*, 683 F. Supp. 2d 273, 276-77 (E.D.N.Y. 2010) ("[A] district court is never called upon to address issues resolved in the claimant's favor; the claimant obviously cannot challenge such determinations, and the Commissioner cannot challenge them because they were made by him

(or his delegate) in the first place.")).  Therefore, this court's remand for further administrative proceedings shall do nothing to disturb the ALJ's determination that Plaintiff is entitled to disability benefits after September 27, 2019, and that favorable determination is not subject to review in the administrative proceedings conducted on remand.  Such administrative proceedings will only address Plaintiff's claims for disability benefits for the period prior to September 27, 2019.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that the matter is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), to the Commissioner for further proceedings consistent with this Memorandum-Decision and Order.


Dated: February _7_, 2022
       Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge